**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAVID A. ADAMS, # M-45508,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-00311-SMY |
| | ) |
| **DR. VIPEN SHAH,** | ) |
| **WEXFORD MEDICAL SOURCES,** | ) |
| **WARDEN LASHBROOK,** | ) |
| **JANE DOE 1, JANE DOE 2,** | ) |
| **MENTAL HEALTH DOCTOR AT** | ) |
| **SHERIDAN, and** | ) |
| **IDOC DIRECTOR,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff David Adams, who is currently incarcerated at Pinckneyville Correctional Center, filed the instant action pursuant to 42 U.S.C. § 1983 against seven Illinois Department of Corrections' ("IDOC") officials who allegedly denied him prescription medication for his attention-deficit/hyperactivity disorder ("ADHD") (Doc. 1).

According to the Complaint, Plaintiff was diagnosed with ADHD when he was eight years old (Doc. 1, pp. 6-7). He continues to suffer from the condition (*id*.). When Plaintiff was taken into IDOC custody on June 9, 2014, he informed the mental health doctor at Sheridan Correctional Center ("Sheridan") of his diagnosis. Plaintiff explained that he had taken prescription medication to manage the condition for the preceding ten years. His request for medication was nevertheless denied. An unknown nurse at Sheridan told Plaintiff that his prescription medication was too expensive. Wexford Medical Sources ("Wexford") would not

authorize it. Wexford also discouraged its employees from creating a "paper trail" of requests for such medications.

When Plaintiff arrived at Pinckneyville Correctional Center ("Pinckneyville"), he met with Jane Doe 1 and Jane Doe 2, two unknown mental health workers, to discuss his ADHD. They refused to provide him with prescription medication or to recommend that the prison physician do the same. When Plaintiff complained directly to the prison physician, Doctor Shah, he simply told Plaintiff to "drink more water" (*id.*).

Sheridan's doctor, Doctor Shah, Jane Doe 1 and Jane Doe 2 all told Plaintiff that the State of Illinois would not approve treatment for ADHD. In addition, both prisons posted a list of medications that were deemed to be "too expensive" and would not be authorized by Wexford under any circumstances. The list included Plaintiff's medication.

Plaintiff filed two rounds of grievances to complain about the denial of his medication. He filed the first round on June 11 and July 3, 2014. He filed a second round on February 11 and 20, 2015. Plaintiff received no response. He also spoke with Warden Lashbrook and complained in writing to Wexford and the IDOC Director. Once again, he received no response.

Meanwhile, Plaintiff continued to struggle with his ADHD. After he was abruptly taken off of his prescription medication, Plaintiff suffered from a month-long depression and headaches. Without medication, he could not focus or sit still. He also suffered from an overactive imagination and lost the ability to differentiate between fact and fiction (*id.*).

Plaintiff claims that the denial of medication amounts to a conspiracy on the part of all seven defendants to violate his rights under the Eighth and Fourteenth Amendments. In connection with these claims, he now sues Wexford, the IDOC Director, Sheridan's Mental

Health Doctor, Doctor Shah, Nurse Doe 1, Nurse Doe 2 and Warden Lashbrook for monetary damages (*id*. at 8).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff's Complaint survives preliminary review under this standard.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment deliberate indifference to medical needs claim against Defendants for denying Plaintiff medication for his ADHD.
>
> **Count 2:** Conspiracy claim against Defendants for denying Plaintiff medication for his ADHD in an effort to save money.
>
> **Count 3:** Fourteenth Amendment claim against Defendants.

### Claims Subject to Further Review

### Count 1

The Complaint articulates a colorable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against each of the defendants. To establish a claim for the denial of medical care, a plaintiff must demonstrate that the defendants were aware of and disregarded a substantial risk of harm from an objectively serious medical condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012); *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). A medical condition is "serious," if it has been diagnosed by a physician as requiring treatment or is so obvious that a layperson would recognize the condition as requiring treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Deliberate indifference is intentional or reckless disregard of a substantial risk of harm posed by the condition; negligence does not support a claim of deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

For screening purposes, Plaintiff's ADHD satisfies the objective component of this claim. Plaintiff alleges that his ADHD was diagnosed by a physician as requiring treatment when he was eight years old and that he never outgrew the condition. He took prescription medication to manage his ADHD for ten years prior to his incarceration.

The allegations also satisfy the subjective component of this claim by suggesting that each defendant responded to Plaintiff's ADHD with deliberate indifference. The defendants were allegedly aware of Plaintiff's diagnosis and his need for prescription medication to control his symptoms. Even so, they denied or ignored Plaintiff's requests for medication because it was too expensive. Accordingly, **Count 1** shall receive further review against the defendants.

### Count 2

At this early stage, the Court will also allow Plaintiff to proceed with his conspiracy claim (**Count 2**) against the defendants. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators ha[d] an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). The agreement "may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999)). However, the mere mention of a conspiracy is insufficient to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face").

Here, the Complaint suggests that the defendants had an agreement to deny inmates access to expensive medications, regardless of need, in an effort to save costs. Based on this alleged agreement, the Court will allow **Count 2** to proceed against the defendants.

### Claim Subject to Dismissal

### Count 3

The Complaint supports no Fourteenth Amendment claim (**Count 3**) against the defendants. Plaintiff does not indicate why he has invoked the Fourteenth Amendment. However, he complains that each of the defendants ignored his grievances. To the extent that this claim arises from a failure to respond to grievances, it is subject to dismissal.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who

otherwise did not cause or participate in the underlying conduct states no claim" upon which relief may be granted. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In other words, the fact that the defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them, even at this early stage. To the extent that Count 3 refers to some other legal basis for relief, Plaintiff has not included sufficient allegations to support a claim against any particular defendant. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, **Count 3** shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Counts 1 and 2 against the unknown defendants who are identified in the Complaint as the "Mental Health Doctor at Sheridan," "Jane Doe 1," "Jane Doe 2" and "IDOC Director." However, these parties must be identified with particularity before service of the Complaint can be made on them.

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Warden Lashbrook is already named as a defendant in the action and shall respond to discovery aimed at identifying these unknown defendants. Guidelines for discovery will be set by the United States Magistrate Judge. Once the names of the unknown defendants are discovered, Plaintiff shall file a motion to substitute each newly

identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is hereby **GRANTED**. Service will be ordered on all known defendants at this time and on the unknown defendants once they are properly identified in a motion for substitution.

Plaintiff's Motion for Change of Counsel (Doc. 12), in which he notifies the Court that he is no longer using the services of a jailhouse lawyer is noted, but **DENIED** as **MOOT**. The Court has received no filings that appear to be from anyone other than Plaintiff. Further, his request for counsel is appropriately stated in a Motion for Recruitment of Counsel (Doc. 3) that shall be referred for a decision.

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 13) is **DENIED** without prejudice. Plaintiff did not submit a proposed Amended Complaint along with his motion and piecemeal amendments are not accepted. If he wishes to replace unknown defendants who are already referred to in the Complaint with properly identified individuals, Plaintiff must file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that with respect to **COUNTS 1** and **2**, the Clerk of Court

shall prepare for Defendants **DOCTOR VIPEN SHAH, WEXFORD MEDICAL SOURCES** and **WARDEN LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that service shall not be made on Defendants **MENTAL HEALTH DOCTOR AT SHERIDAN, JANE DOE 1, JANE DOE 2** and **IDOC DIRECTOR** until such time as Plaintiff has identified them by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 21, 2016**

<u>**s/ STACI M. YANDLE**</u>
**District Judge**
**United States District Court**